FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

APR 27 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHELLA CAVALLO,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>PATRICK DONAHOE, *et al.*,<br><br>　　　　　　　Defendants. | 3:14-cv-00647-MMD-VPC<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's application to proceed *in forma pauperis* (#1) and *pro se* complaint (#1-1). The court has thoroughly reviewed the record and recommends that plaintiff's application to proceed *in forma pauperis* be granted, and also that the complaint be dismissed without prejudice, without leave to amend.

## I.　*IN FORMA PAUPERIS* APPLICATION

Based on the financial information provided in plaintiff's application to proceed *in forma pauperis*, the court finds that plaintiff is unable to pay the filing fee in this matter. Accordingly, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted.

## II.　LEGAL STANDARD

Applications to proceed *in forma pauperis* by non-inmate plaintiffs are governed by 28 U.S.C. § 1915. Section 1915 provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under section 1915

when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted).

Under Rule 12(b)(6), the court is to dismiss when the complaint fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011). Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

### III.   DISCUSSION

#### A.   Plaintiff's Complaint

Plaintiff brings several counts against individuals defendants of her former employer, the United States Postal Service ("USPS"). Each count is for alleged breach of an agreement reached with the USPS that settled her age discrimination claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Plaintiff contends that defendants breached the agreement, and that, as part of their alleged breach, local USPS staff opposed her claim for unemployment benefits. The complaint is styled as a civil rights action under 42 U.S.C. § 1983 and is brought against former USPS Postmaster General Patrick Donahoe, Kirsten Rozwood, and Ken Rickman, each of whom is a USPS "management official."

#### B.   Analysis

For two reasons, the court recommends that the complaint be dismissed without prejudice, without leave to amend. First, plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In short, the allegations are bald and conclusory. Plaintiff offers legal conclusions—namely, that defendants have unlawfully breached the settlement

agreement—but articulates no specific facts by which the Court would be able to determine that breach, a legal question under contract law, actually occurred. When analyzing a motion under Rule 12(b)(6), the court must set aside legal conclusions. *Iqbal*, 556 U.S. at 679. So excluding, the factual deficiency of the complaint is fatal, as nothing else remains when these conclusory allegations are removed from the analysis.

Second, the court lacks subject matter jurisdiction. Plaintiff's liability theories all relate to defendants' alleged breach of the settlement agreement. Such claims are not actionable as civil rights claims under § 1983 because the Constitution and federal law provide no general cause of action for breach of contract. It is state law that governs the enforcement of settlement agreements, which are merely a kind of contract. *See Wilcox v. Arpaio,* 753 F.3d 872, 876 (9th Cir. 2014). State laws are not enforceable under § 1983. *Lovell ex rel. Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996). Accordingly, there are no federal claims by which this court may exercise jurisdiction under 28 U.S.C. § 1331.

Jurisdictional defects remain even when this court considers alternative constructions of the complaint pursuant to its obligation to construe the *pro se* complaint liberally. *Hebbe*, 627 F.3d at 341-42; *Hamilton*, 630 F.3d at 893. The alleged facts and relief sought suggest that plaintiff seeks to recover from the USPS or the United States, rather than from the named defendants in their individual capacities. As relief, she requests a sum comprised of allegedly outstanding salary payments, $10 per day as a penalty for the delay in her wages, and also unemployment compensation. As such, the court sets aside that the complaint fails to state proper personal-capacity claims under § 1983 and considers whether the complaint could survive if re-pled as breach of contract claims against government defendants.

39 U.S.C. § 409(a) provides federal jurisdiction over "all actions brought . . . against the Postal Service." This section might provide jurisdiction but for the specific procedural posture of the case, as indicated by the complaint and the documents included therein. *See United States v. Ritchie,* 342 F.3d 903, 907-08 (9th Cir. 2003) (citations omitted) (explaining that the court may consider documents attached to the complaint when reviewing under Rule 12(b)(6)). In *Munoz v. Mabus,* the Ninth Circuit concluded that district courts lack subject matter jurisdiction over

claims to enforce settlement agreements reached by the EEOC following discrimination complaints by federal employees. 630 F.3d 856, 868, 860-61 (9th Cir. 2010). Munoz, a Navy Ship Repair Yard worker, filed an age and race discrimination complaint with the EEOC, pursuant to 42 U.S.C. § 2000e–16, which extends Title VII's nondiscrimination protections to federal employees and provides to the EEOC a role in enforcement. *See id.* at 859. The Navy and Munoz "voluntarily entered into a . . . settlement agreement" as provided by 29 C.F.R. § 1614.603, which is part of the EEOC's expansive regulatory framework for enforcement in the federal employment context. *See id.* Yet issues later arose regarding the agreement and the parties' performances; therefore, Munoz sought enforcement with the EEOC as permitted by 29 C.F.R. § 1614.504. *Id.* at 859-60. He later filed suit in federal court seeking enforcement, following his dissatisfaction with the EEOC's decision. *Id.* at 860. The district court found jurisdiction and granted summary judgment in the Navy's favor. *Id.* Munoz then appealed. *Id.*

Prior to considering the merits of summary judgment, the Ninth Circuit considered the antecedent matter of jurisdiction. There, it reversed the district court's finding. *Id.* at 860-61. As it explained:

> Title VII and the EEOC's implementing regulations set forth specific administrative procedures that a complainant must first exhaust before gaining access to the federal courts on a discrimination complaint. The employer and employee may, however, choose instead to resolve the discrimination complaint voluntarily with a settlement agreement, *see* 29 C.F.R. § 1614.603, in which case the employee, as Munoz has done here, withdraws his formal complaint and foregoes his right to a civil appeal therefrom. 29 C.F.R. § 1614.504 prescribes the procedure for claiming a breach of that agreement, and it is this provision on which the question of jurisdiction hangs.

*Id.* at 861.

Interpreting the language of section 1614.504, the Ninth Circuit observed that Munoz may elect specific performance of the settlement agreement *with and by the EEOC* or reinstatement of his underlying complaint. *Id.* at 862. "The regulation . . . provides that the EEOC is limited to awarding one of these two remedies upon determining that a breach has occurred." *Id.* (citing 29 C.F.R. § 1614.504(c)). However, the regulation is, as the court noted, "silent as to whether an employee may proceed to federal court after receiving an adverse EEOC determination." *Id.* Therefore, because legal claims against the Navy can proceed only when there is an express and

clear waiver of sovereign immunity, the Ninth Circuit concluded that it must find a lack of jurisdiction in this particular instance. *Id.*

Because Munoz might have elected to reinstate his underlying Title VII claim—to which the Navy indisputably retained no immunity under federal law, *see id.* at 861—the court considered, and rejected, the possibility that Munoz had a federal cause of action for breach of the agreement. *Id.* at 862. In short, it parsed the language of Chapter 1614 and determined that "[t]he regulatory context does not support an implied cause of action for the enforcement of . . . settlement agreements." *Id.* at 863. In other words, even had the sovereign immunity issue not been decisive, the regulations simply provide no basis for a federal employee who has entered a settlement agreement to seek *post hoc* judicial enforcement. Once the settlement agreement is consummated, remedy lies with the EEOC.

*Munoz* is instructive. Unlike the Navy, the USPS does not retain sovereign immunity to particular species of Title VII claims because of the broad "sue and be sued" clause provided by the Postal Reorganization Act. *See Loeffler v. Frank*, 486 U.S. 549, 565 (1988) (citing *Franchise Tax Bd. of Cal. v. U.S. Postal Serv.*, 567 U.S. 512, 520 (1984)). Nevertheless, that the USPS may not be immune is inapposite because plaintiff lacks a federal cause of action for enforcement of this particular type of settlement agreement with the USPS. *See Munoz*, 630 F.3d at 862-63; *Ritchie*, 342 F.3d at 907-08. Moreover, that the Ninth Circuit's analysis in *Munoz* expressly discussed only Title VII, and not the ADEA, is inapposite. Munoz's complaint alleged both racial discrimination and age discrimination under the ADEA, as the court recognized. *See id.* at 859, 863. The applicable enforcement regulations that the *Munoz* court considered and interpreted apply not only to Tile VII claims, but also to actions by federal employees under the ADEA. *See* 29 C.F.R. § 1614.103 (extending the provisions of Chapter 1614 to complaints brought by federal employees pursuant to Title VII and the ADEA, among other statutes). Accordingly, *Munoz* settles the question at hand. The Court lacks jurisdiction, and plaintiff's remedies rest with in further action before the EEOC.

Other possible bases of jurisdiction also fail. Although it is true that the Court has jurisdiction over "any civil action arising under any Act of Congress relating to the postal

service[,]" 28 U.S.C. § 1339, plaintiff has identified no federal cause of action that specifically permits breach of contract claims against the USPS, and the court is unaware of any such statute. The relevant federal laws at issue here are the ADEA and applicable federal regulations, which articulate general prohibitions on age discrimination in employment. As such, they do not constitute "Acts of Congress relating to the postal service."

In addition, even if the court construes this action as one of contract breach under state law, jurisdiction defects persist. The complaint does not allege damages in excess of $75,000 and also that the parties are diverse, such that diversity jurisdiction under 28 U.S.C. § 1332 arises. Even if the complaint so alleged, as the District Court recognized in *Anoruo v. Shinseki*, actions for breach of contract against the United States and its agencies in excess of $10,000 are properly before the Court of Federal Claims alone. No. 2:11-cv-02070-MMD-CWH, 2012 WL 3648448, at *3 (D. Nev. Aug. 23, 2012) (citing *Munoz*, 630 F.3d at 864), *aff'd*, 569 Fed. App'x 485 (9th Cir. 2014). Consequently, because plaintiff seeks $15,000 in damages, the Court would lack subject matter jurisdiction even if the complaint was restyled as a diversity action.

### IV.   CONCLUSION

For the reasons articulated above, and because plaintiff will be unable to cure the jurisdictional defects through amendment, plaintiff's complaint should be dismissed without prejudice, without leave to amend. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted). Plaintiff may well have a viable claim for enforcement, but that question is one for the EEOC.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (#1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** plaintiff's complaint (#1-1);

**IT IS FURTHER RECOMMENDED** that plaintiff's complaint (#1-1) be **DISMISSED WITHOUT PREJUDICE, WITHOUT LEAVE TO AMEND**;

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

DATED: April 27, 2015

_____
UNITED STATES MAGISTRATE JUDGE